IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MIKAEL R. COLES, | : | |
| Petitioner | : | |
| v. | : | CIVIL NO. 4:17-CV-722 |
| TAMMY FERGUSON, | : | (Judge Brann) |
| Respondent | : | |

## **MEMORANDUM**

APRIL 27, 2017

### **Background**

Mikael R. Coles, an inmate confined at the State Correctional Institution, Benner Township, Pennsylvania (SCI-Benner) filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254. Named as Respondent is SCI-Benner Superintendent Tammy Ferguson. The required filing fee has been paid. Service of the Petition has not yet been ordered.

According to the petition and supporting memorandum, Coles entered a guilty plea on May 6, 2013 to charges of aggravated assault, burglary, criminal conspiracy, and robbery in the Court of Common Pleas of Lehigh County, Pennsylvania. See Doc. 1, ¶ 5. He was thereafter sentenced on August 14, 2013 to a thirteen (13) to twenty-six (26) year term of imprisonment. See id. at ¶ 3.

Petitioner's pending action claims entitlement to federal habeas corpus relief on the grounds that he was provided with ineffective assistance of counsel; the Commonwealth unlawfully induced the plea; and he entered an unknowing, involuntary, and unintelligent guilty plea.

**Discussion**

A § 2254 habeas corpus petition may be filed in the district where the applicant is confined or in the district where he was convicted. Fletcher v. Rozum, 2008 WL 2609826 * 2 (E.D. Pa. 2008). 28 U.S.C. § 2241(d) provides:

> (d) Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

Petitioner is attacking the legality of a guilty plea which was entered in the Court of Common Pleas of Lehigh County, which is located within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania. See 28 U.S.C. § 118.

As noted above, under § 2241(d), the district court for the district in which a habeas petition is filed "in the exercise of its discretion and in furtherance of justice may transfer the application." Moreover, 28 U.S.C. § 1404(a) states, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A district court may transfer a habeas petition pursuant to § 1404(a). See In re Nwanze, 242 F.3d 521, 526, n. 2 (3d Cir. 2001)(§ 1404(a) applies to transfers of habeas corpus petitions); Fletcher, 2008 WL 2609826 at * 2.

The state trial court, as well as any records, counsel, and other witnesses, are located within the Eastern District of Pennsylvania. As such, it would be prudent to transfer this action to that court. An appropriate Order will enter.

BY THE COURT:

s/ Matthew W. Brann
Matthew W. Brann
United States District Judge